1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN RECTOR CLARK, | Case No. 1:22-cv-01139-SAB |
| Plaintiff, | ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 17) |
| Defendant. | |

Petitioner Francesco P. Benavides ("Counsel"), attorney for Brian Rector Clark ("Plaintiff"), filed the instant motion for attorney fees on November 26, 2024.  Counsel requests fees in the amount of $14,000.00 pursuant to 42 U.S.C. § 406(b)(1).  Plaintiff has not filed an opposition, or otherwise responded to the motion for fees. On December 10, 2024, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.

## I.

## BACKGROUND

Plaintiff filed a complaint challenging the denial of social security benefits on September 7, 2022.  (ECF No. 1.)  On March 7, 2023, a stipulation for voluntary remand was filed.  (ECF No. 14.)  The Court entered judgment in Plaintiff's favor and the action was remanded on March 8, 2023.  (ECF Nos. 12, 13.)  On March 23, 2023, Plaintiff was awarded attorney fees pursuant

1  to the EqualAccess to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $6,461.12 at
2  the stipulation of the parties.  (ECF No. 16.)

3       On remand, the ALJ found that Plaintiff was disabled as of January 11, 2018, and
4  Plaintiff was awarded benefits in the amount of $112,306.00.[1]  (ECF No. 17-1 at 2; 17-2 at 7.)
5  The Commissioner withheld $28,076.50 from the past-due benefits for attorney fees.  This
6  amount equals 25 percent of the retroactive benefit award.  (ECF No. 17-1 at 4.)  Petitioner has
7  previously received payment of $6,461.12 in EAJA fees.  (ECF No. 16.)  In the instant motion,
8  Petitioner seeks $14,000.00 for work performed in this action.

**II.**

**LEGAL STANDARD**

11       In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a
12  judgment favorable to a claimant . . . who was represented before the court by an attorney," the
13  court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due
14  benefits to which the claimant is entitled by reason of such judgment."  The payment of such
15  award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

16       The Supreme Court has explained that a district court reviews a petition for section
17  406(b) fees "as an independent check" to assure that the contingency fee agreements between the
18  claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v.
19  Barnhart, 535 U.S. 789, 807 (2002).  The district court must respect "the primacy of lawful
20  attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test
21  it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009).  The twenty-
22  five percent maximum fee is not an automatic entitlement, and courts are required to ensure that
23  the requested fee is reasonable.  Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace
24  contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to
25  review for reasonableness fees yielded by those agreements").  Agreements seeking fees in
26  excess of twenty-five percent of the past-due benefits awarded are not enforceable.  Crawford,

---

[1] The award letter does not state the total amount of back benefits awarded, but does state that twenty five percent, or $28,076.50, was withheld from the past due benefits.  (ECF No. 17-1 at 4.)  This would make the total award $112,306.00 (4 x $28,076.50).

1  586 F.3d at 1148.  The attorney has the burden of demonstrating that the fees requested are

2  reasonable.  Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

3       In determining the reasonableness of an award, the district court should consider the

4  character of the representation and the results achieved.  Gisbrecht, 535 U.S. at 800.  Ultimately,

5  an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA.

6  Gisbrecht, 535 U.S. at 796.

7       The Ninth Circuit has identified several factors that a district court can examine under

8  Gisbrecht in determining whether the fee was reasonable.  In determining whether counsel met

9  his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the

10  standard of performance of the attorney in representing the claimant; (2) whether the attorney

11  exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of

12  past-due benefits; and (3) whether the requested fees are excessively large in relation to the

13  benefits achieved when taking into consideration the risk assumed in these cases.  Crawford, 586

14  F.3d at 1151.

15  **III.**

16  **DISCUSSION**

17       The Court has conducted an independent check to insure the reasonableness of the

18  requested fees in relation to this action.  Gisbrecht, 535 U.S. at 807.  Here, the fee agreement

19  between Plaintiff and Petitioner provides for a fee "25% of the Claimant's past due benefits

20  awarded to Claimant upon reversal of any unfavorable ALJ decision."  (Engagement and Fee

21  Agreement, ECF No. 17-3.)  Plaintiff has been awarded benefits from January 11, 2018, through

22  May 22, 2024 in the amount of $112,306.00.  (ECF Nos. 17-1, 17-2.)  In determining the

23  reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

24       There is no indication that a reduction of fees is warranted for substandard performance.

25  Counsel is an experienced, competent attorney who secured a successful result for Plaintiff.

26  Although this action does involve six years of backpay, there is no indication that Counsel was

27  responsible for any substantial delay in the court proceedings.  Plaintiff agreed to a 25 percent

28  fee at the outset of the representation and Petitioner is seeking payment of $14,000.00, which is

nearly 12.5% percent of the backpay award.  The $14,00.00 fee is not excessively large in relation to the past-due award of $112,306.00.  In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated.  Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner submits a log of the time spent in prosecuting this action.  (Time Sheet, ECF No. 17-4.)  The log demonstrates that Petitioner spent 27.5 hours on this action.  (Id.)  When considering the total amount requested by Petitioner, the fee request translates to $509.09 per hour for Petitioner's services in this action.  In Crawford, the appellate court found that a fees much higher—$875 and $902 per hour for time of both attorneys and paralegals—were not excessive.  Crawford, 486 F.3d at 1152 (dissenting opinion).  Further, since Gisbrecht, courts note that reducing a fee request is dicey business and find fee awards much higher than this to be reasonable.  Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an hourly rate of $1,553.36 per hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.")

The Court finds that the requested fees are reasonable when compared to the amount of work Petitioner performed in representing Plaintiff in court.  Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and ultimately benefits were awarded.  Petitioner's detailed billing statement supports the request.  (ECF No. 17-4.)

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA.  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.  In this instance, Petitioner has previously been awarded $6,461.12 in EAJA fees and the award of fees under Section 406(b) must be offset in that amount.

**VI.**

**CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1.      Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $14,000.00 is GRANTED;

2.      Pursuant to counsel's request, this amount shall be paid directly to The Law Offices of Francisco Benavides, 1990 N. California Blvd., 8th Floor, Walnut Creek, CA 94596.  The Commissioner is to remit to Plaintiff the remainder of his withheld benefits; and

3.      Petitioner is ordered to refund $6,461.12 of the fees awarded to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:   **December 16, 2024**

STANLEY A. BOONE
United States Magistrate Judge

5